USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/6/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angela D'Arezzo,<br><br>                                  Plaintiff,<br><br>-against-<br><br>Catherine Appel and Overtime Dance Foundation, Inc.,<br><br>                                Defendants. | 1:22-cv-00177 (PAE) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Defendants Catherine Appel and Overtime Dance Foundation, Inc. (together, the "Defendants"), pursuant to, *inter alia*, Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the Complaint of Plaintiff Angela D'Arezzo ("Plaintiff"). (Defs.' Not. of Mot., ECF No. 40.) In support of their motion, Defendants have attached numerous documents that they wish the Court to consider regarding their argument that Plaintiff's first and second causes of action are barred by the statute of limitations. (*See id*.) Defendants contend that such documents properly are considered on a motion to dismiss, but in the alternative, ask the Court to convert the motion to a motion for summary judgment. (Defs.' Mem., ECF No. 40-9, at 9-10.)

"The Copyright Act provides that all 'civil actions' under its provisions must be brought 'within three years after the claim accrued.'" *Horror Inc. v. Miller*, 15 F.4th 232, 257 (2d Cir. 2021) (quoting 17 U.S.C. § 507(b)). "Generally, '[a]n ownership claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of [his] right [in the work].'" *Id*. (quoting *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.,* 716 F.3d 302, 316

(2d Cir. 2013)). "The accrual rule is slightly different for authorship claims, however: 'Although an alleged author is aware of his claim to ownership of the work from the moment of its creation, the author does not need to bring suit until there has been an express repudiation of that claim.'" *Id.* (quoting *Gary Friedrich*, 716 F.3d at 317). "In other words, authorship claims 'accrue when plain and express repudiation of [authorship] is communicated to the claimant, and are barred three years from the time of repudiation.'" *Id.* (quoting *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996)).

Although Plaintiff arguably already is on notice that the Court may recommend that the motion to dismiss be converted to a motion for summary judgment with respect to the statute of limitations issue, *see, e.g., Cristino v. Duke Ellington Gourmet Corp.*, No. 20-CV-07546 (GBD) (JLC), 2023 WL 355702, at *3 (S.D.N.Y. Jan. 23, 2023) (plaintiff knew conversion possible when defendants explicitly requested conversion and plaintiff responded in opposition), the Court shall provide Plaintiff a further opportunity to present any material that may be pertinent to such a motion, including regarding her claim of equitable tolling. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); s*ee also Webster v. Potter*, 746 F. Supp. 2d 635, 638-39 (S.D.N.Y. 2010) (converting a Rule 12(b)(6) motion into a summary judgment motion to evaluate a claim of equitable tolling).

Accordingly, it is hereby Ordered that, no later than April 27, 2023, Plaintiff shall present any additional material pertinent to Defendants' motion. No later than May 5, 2023, Defendants shall file any reply.

**SO ORDERED.**

DATED:  New York, New York
        April 6, 2023

_____
STEWART D. AARON
United States Magistrate Judge