UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELA D'AREZZO,

Plaintiff,

-v-

CATHERINE APPEL, *and* OVERTIME DANCE
FOUNDATION, INC.,

Defendants.

---

22 Civ. 00177 (PAE) (SDA)

<u>OPINION & ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Angela D'Arezzo brings this federal copyright action against defendants

Catherine Appel and Overtime Dance Foundation, Inc. (collectively, "defendants"). Dkt. 1.

D'Arezzo alleges that she is the true author of the book titled *The Salty Mountain*, which tells the

story of her extended family's history in and immigration from Italy, and that Appel, D'Arezzo's

former therapist, falsely registered *The Salty Mountain* as her own work. *See id.* D'Arezzo

seeks a declaratory judgment that (1) she was the sole author of *The Salty Mountain, id.* ¶¶ 55–

61, or, in the alternative, (2) she and Appel are co-authors of *The Salty Mountain, id.* ¶¶ 62–68.

She also alleges copyright infringement, breach of fiduciary duty, accounting, and constructive

trust claims. *Id.* ¶¶ 69–91.

On March 1, 2022, the Court referred the case to the Honorable Stewart D. Aaron, United

States Magistrate Judge, for pretrial supervision. Dkt. 12. On August 5, 2022, defendants

notified the Court that they anticipated moving to dismiss D'Arezzo's claims, Dkt. 26, and the

Court referred any such motion to dismiss to Judge Aaron for a Report and Recommendation,

Dkt. 29. On August 8, 2022, Judge Aaron referred the case to mediation. Dkt. 27.

On October 18, 2022, the parties participated in a mediation conference with a court-appointed mediator. The next day, the parties notified Judge Aaron that, at that conference, they had agreed upon a preliminary framework for settlement, but could not resolve all outstanding disputes. Dkt. 34. On December 21, 2022, after granting multiple extensions to the briefing schedule for the motion to dismiss, Judge Aaron set a final schedule. Dkt. 39.

On January 27, 2023, defendants moved to dismiss. Dkt. 40. On January 30, 2023, the Court issued an amended referral to Judge Aaron. Dkt. 41. On February 24, 2023, in requesting a fifth extension, D'Arezzo again represented, through counsel, that settlement discussions were ongoing. Dkt. 42. On March 3, 2023, however, D'Arezzo opposed the motion to dismiss. Dkt. 44. On March 15, 2023, defendants replied. Dkt. 46. On April 6, 2023, Judge Aaron ordered D'Arezzo to file additional materials pertinent to the motion to dismiss. Dkt. 48. On April 27, 2023, D'Arezzo filed an affidavit and supporting exhibits, Dkt. 49, and an incomplete memorandum of law, Dkt. 50. On April 28, 2023, D'Arezzo filed an amended memorandum of law. Dkt. 52. On May 8, 2023, defendants filed a surreply, Dkt. 54, and a declaration and exhibits in support, Dkt. 53.

On May 31, 2023, Judge Aaron issued a Report, recommending that the Court grant defendants' motion to dismiss with respect to claims one (sole authorship) and three (copyright infringement), but deny the motion with respect to all other claims. Dkt. 55 ("Report"). No party objected. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

2

U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Aaron's perceptive and characteristically well-reasoned and thorough Report reveals no facial error in its conclusions. The Report is therefore adopted in its entirety. Because the Report explicitly states that the parties "shall have fourteen (14) days to file written objections to this recommendation," and that the failure to file timely objections "will preclude the right to object and also will preclude appellate review," Report at 13–14, the parties' failure

3

to object operates as a waiver of appellate review.  *See Caidor v. Onondaga County*, 517 F.3d

601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir.

1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts the May 31, 2023 Report and

Recommendation in its entirety and grants in part and denies in part defendants' motion to

dismiss.  The motion is granted as to D'Arezzo's sole authorship and copyright claims, but

denied as to her co-authorship, breach of fiduciary duty, accounting, and constructive trust

claims.

The Court respectfully directs the Clerk of Court to terminate the motion at docket 40.

This case remains under Judge Aaron's capable pretrial supervision.


SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge


Dated: July 6, 2023
        New York, New York