UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Angela D'Arezzo,

                Plaintiff,

-against-

Catherine Appel and Overtime Dance Foundation, Inc.,

                Defendants.

1:22-cv-00177 (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

On January 31, 2024, the Court granted Plaintiff's request for a discovery conference to address a dispute regarding the location of Plaintiff's deposition. (*See* Order, ECF No. 81; *see also* Pl.'s Letter Mot., ECF No. 78; Defs.' Resp., ECF No. 79; Pl.'s Reply, ECF No. 80.) Plaintiff, who "is afflicted with advanced muscular dystrophy and is functionally immobile"[1] seeks to have the depositions of the parties conducted remotely. (*See* Pl.'s letter Mot. at 1.) Defendants ask the Court to direct Plaintiff to appear for an in-person deposition at their offices or a reasonable alternative location. (*See* Defs.' Resp. at 3.) The Court held a telephone conference with the parties today, February 8, 2024.

## LEGAL STANDARDS

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Since Rule 30(b)(4) does not specify the standards to be

---

[1] Muscular dystrophy is "a degenerative illness characterized by progressive weakening and wasting of muscles." *Brooke v. Home Life Ins. Co.*, 864 F. Supp. 296, 297 (D. Conn. 1994).

considered in determining whether to grant a request [for a remote] deposition . . . the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship . . . and conduct a careful weighing of the relevant facts." *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (citing *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, No. 10-CV-01149 (DLI) (CLP), 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011) (internal quotation marks omitted).

## ANALYSIS

Having reviewed the parties' submissions and considered the arguments of counsel during today's conference, the Court, in its discretion, finds that there would be significant hardship to Plaintiff from attending an in-person deposition that outweighs the concerns raised by Defendants. First, Defendants argue that potential logistical or technological problems may impede a remote deposition, but Plaintiff has used Zoom in the past and has indicated that her home health aide can assist her with using the computer. (Pl.'s Reply at 2.) The parties shall meet and confer prior to Plaintiff's deposition regarding Defendants' preferred method for displaying exhibits and any other anticipated technological issues.

Defendants also argue that Plaintiff "is capable of dishonesty or may make efforts to obstruct the deposition" an in-person deposition would allow Defendants to evaluate Plaintiff's demeanor and is imperative for Defendants to have a full and fair opportunity to examine Plaintiff. (Defs.' Resp. at 2-3.) However, Defendants "have not specifically demonstrated" that Plaintiff's anticipated obstruction "is so likely or would be so disruptive as to overcome the presumptive validity of remote depositions and require in-person depositions" despite the significant burdens on Plaintiff. *See In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 579

(S.D.N.Y. 2020). Moreover, deposition by video allows the party "to view [the witness's] demeanor during questioning." *Id.* at 578 (*quoting Usov v. Lazar*, No. 13-CV-00818 (RWS), 2015 WL 5052497, at *2 (S.D.N.Y. Aug. 25, 2015)). "If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless." *Rouviere*, 471 F. Supp. 3d at 575-76. Accordingly, the Court finds minimal prejudice to Defendants from conducting Plaintiff's deposition via remote means.

## CONCLUSION

Based upon the hardship that would be imposed upon Plaintiff by an in-person deposition and the relative lack of prejudice to Defendants in holding a remote deposition, it is hereby ORDERED that Plaintiff's deposition shall be conducted via remote means. In addition, any other party depositions shall be held remotely, unless the parties agree upon a reasonable in-person alternative.

**SO ORDERED.**

Dated:   New York, New York
         February 8, 2024

_____
STEWART D. AARON
United States Magistrate Judge